UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loverrz Alford,<br>*doing business as* Alford's Used Cars,<br><br>          Appellant,<br><br>vs.<br><br>Jerome Douglas; and Michelle Hattie Douglas,<br><br>          Appellees. | C/A No. 4:13-01141-MGL-KDW<br><br><br><br>ORDER<br>**Response Required by Appellant** |

       Appellant Loverrz Alford, doing business as Alford's Used Cars, ("Appellant" or "Alford"), appearing pro se, has appealed a ruling of the United States Bankruptcy Court for the District of South Carolina in an adversary proceeding in which he was a defendant. *See* Apr. 26, 2013 Not. of Appeal, ECF No. 1. On April 29, 2013, the United States Bankruptcy Court transmitted the appellate record to the court. Designated Rec. ECF No. 5. This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).[1] On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the factual findings of the bankruptcy court for clear error, while reviewing its conclusions of law de novo. *See Kielisch v. Educ. Credit Mgmt. Corp.*, 258 F.3d 315, 319 (4th Cir. 2001); *Sun v. Erickson*, No. 2:13-3582-RMG, 2013 WL 3049107, at *1 (D.S.C. June 17, 2013) (same).

       In its Order dated May 24, 2013, the court instructed Appellant he was to file and serve Appellant's Brief by **June 10, 2013.** ECF No. 9 at 1 & n.1 (citing Rule 8009(a) of the Federal Rules

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving pro se litigants have been referred to the undersigned for consideration.

of Bankruptcy Procedure and setting briefing schedule for this appeal). To date, however, Appellant has not filed a brief in support of this appeal, nor has Appellant been in contact with the court regarding this deadline.

Based on the foregoing, **no later than August 8, 2013**, Appellant is directed to do the following:

1. advise the court whether he wishes to continue with this appeal, explaining why Appellant's Brief was not timely filed; **and**

2. file Appellant's Brief with the court.

Based on the failure timely to file Appellant's Brief, Appellant is advised that, pursuant to Rule 8001(a) of the Bankruptcy Rules of Procedure, the court may take appropriate action–including the dismissal of the appeal. *See* Bankruptcy Rule 8001(a) (providing in part: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). The court provides this notice and opportunity for explanation to Appellant pursuant to *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

"In applying Rule 8001(a)," to determine a sanction for failure to timely file, the district court is to take at least one of the four following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d 70, 72 (quoting *Serra*, 970 F.2d at 1311). While "read literally, *Serra* mandates at least one of four steps," all four steps should be considered. *In re SPR Corp.* 45 F.3d at 74.

Accordingly, upon receipt of Appellant's filings as directed in this Order, the court will consider these *Serra* factors, keeping in mind that dismissal is a "harsh sanction" that will not be imposed lightly. *Serra*, 970 F.2d at 1311. However, Appellant is advised that if he fails to respond to this Order in a timely manner, the court's consideration of the above will result in the recommendation that this appeal be dismissed. Fed. R. Bankr. P. 8001(a); *In re SPR Corp.*, 45 F.3d at 74.

IT IS SO ORDERED.

July 22, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge