fUNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Loverrz Alford, | ) | C/A No. 4:13-01141-MGL-KDW |
| *doing business as* Alford's Used Cars, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | **Response Required by Appellant** |
| Jerome Douglas; and Michelle Hattie Douglas, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appellant Loverrz Alford, doing business as Alford's Used Cars, ("Appellant" or "Alford"), appearing pro se, has appealed a ruling of the United States Bankruptcy Court for the District of South Carolina in an adversary proceeding in which he was a defendant. *See* Apr. 26, 2013 Not. of Appeal, ECF No. 1. On April 29, 2013, the United States Bankruptcy Court transmitted the appellate record to the court. Designated Rec. ECF No. 5. This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).[1] On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the factual findings of the bankruptcy court for clear error, while reviewing its conclusions of law de novo. *See Kielisch v. Educ. Credit Mgmt. Corp*., 258 F.3d 315, 319 (4th Cir. 2001); *Sun v. Erickson*, No. 2:13-3582-RMG, 2013 WL 3049107, at *1 (D.S.C. June 17, 2013) (same).

In its Order dated May 24, 2013, the court instructed Appellant he was to file and serve Appellant's Brief by June 10, 2013. ECF No. 9 at 1 & n.1 (citing Rule 8009(a) of the Federal Rules of Bankruptcy Procedure and setting briefing schedule for this appeal). Appellant did not file a brief

---

[1]Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving pro se litigants have been referred to the undersigned for consideration.

in support of this appeal, nor did he otherwise contact the court in a timely manner regarding that deadline. Accordingly, in a July 22, 2013 Order, the court gave Appellant until August 8, 2013 to submit a brief in support of his appeal and to explain why he did not timely file it in accordance with the court's instructions. ECF No. 13. In the July 22, 2013 Order, the court explained to Appellant the importance of his complying with court deadlines and taking the steps required to pursue his appeal. *See id.* (citing *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) and *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995)). Appellant was advised that, pursuant to Rule 8001(a) of the Bankruptcy Rules of Procedure, the court could take appropriate action–including the dismissal of the appeal.

On August 12, 2013, the court received a letter from Appellant in which he requested additional time to submit a brief in support of his appeal. ECF No. 19. Appellant explained he had "been out of town with the military[,]" which caused his delay in submitting his appellate brief. *Id.* Appellant further indicated he intended to obtain counsel to provide a proper brief to the court and explained that the court could "anticipate a brief to arrive soon" and to learn who Appellant's counsel would be. *Id.* In an August 13, 2013 Order, the court granted Appellant's request for additional time, making the revised due-date for his brief September 12, 2013. ECF No. 20. Notwithstanding the specific warning and instructions in the July 22, 2013 Order regarding the importance of timely submitting a brief in support of his appeal, Appellant has not submitted his brief, nor has he communicated with the court regarding this matter. Further, no counsel has entered an appearance for Appellant in this matter.

Accordingly, it appears to the court that Appellant does not wish to pursue his appeal. Based

on the foregoing, no later than **October 7, 2013**, Appellant is directed to do the following:

1.  advise the court whether he wishes to continue with ths appeal, explaining why Appellant's Brief was not timely filed; **and**
2.  file Appellant's Brief with the court.

The court provides Appellant with this additional notice and opportunity for explanation out of an abundance of caution and in accord with *Serra*, 970 F.2d at 1311.[2]

   Upon receipt of Appellant's filings as directed in this Order, the court will consider these *Serra* factors, keeping in mind that dismissal is a "harsh sanction" that will not be imposed lightly. *Serra*, 970 F.2d at 1311. However, **Appellant is advised that if he fails to respond fully to this Order in a timely manner, the court's consideration of the above will result in the recommendation that this appeal be dismissed**. Fed. R. Bankr. P. 8001(a); *In re SPR Corp.*, 45 F.3d at 74.

   IT IS SO ORDERED.

September 19, 2013                                    Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

---

[2] As the court noted in its July 22, 2013 Order,

"In applying Rule 8001(a)," to determine a sanction for failure to timely file, the district court is to take at least one of the four following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d 70, 72 (quoting *Serra*, 970 F.2d at 1311). While "read literally, *Serra* mandates at least one of four steps," all four steps should be considered. *In re SPR Corp.* 45 F.3d at 74.

ECF No. 13 at 2.