UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loverrz Alford, *doing business as* Alford's Used Cars, | ) C/A No. 4:13-01141-MGL-KDW ) ) |
| Appellant, | ) ) |
| vs. | ) **Report and Recommendation** ) |
| Jerome Douglas; and Michelle Hattie Douglas, | ) ) |
| Appellees. | ) ) ) |

Appellant Loverrz Alford, doing business as Alford's Used Cars, ("Appellant" or "Alford"), appearing pro se, has appealed a ruling of the United States Bankruptcy Court for the District of South Carolina in an adversary proceeding in which he was a defendant. *See* Apr. 26, 2013 Not. of Appeal, ECF No. 1. As detailed below, despite numerous extensions and opportunities, Appellant has failed to file a brief in support of his appeal. Accordingly, the undersigned recommends this matter be dismissed with prejudice for failure to prosecute.

On April 29, 2013, the United States Bankruptcy Court transmitted the appellate record to the court. Designated Rec. ECF No. 5. This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).[1] On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the factual findings of the bankruptcy court for clear error, while reviewing its conclusions of law de novo. *See Kielisch v. Educ. Credit Mgmt. Corp.*, 258 F.3d 315, 319 (4th Cir. 2001); *Sun v. Erickson*, No. 2:13-3582-RMG, 2013 WL 3049107, at *1 (D.S.C. June 17, 2013) (same).

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving pro se litigants have been referred to the undersigned for consideration.

In its Order dated May 24, 2013, the court instructed Appellant he was to file and serve Appellant's Brief by June 10, 2013. ECF No. 9 at 1 & n.1 (citing Rule 8009(a) of the Federal Rules of Bankruptcy Procedure and setting briefing schedule for this appeal). Appellant did not file a brief in support of this appeal, nor did he otherwise contact the court in a timely manner regarding that deadline. Accordingly, in a July 22, 2013 Order, the court gave Appellant until August 8, 2013 to submit a brief in support of his appeal and to explain why he did not timely file it in accordance with the court's instructions. ECF No. 13. In the July 22, 2013 Order, the court explained to Appellant the importance of his complying with court deadlines and taking the steps required to pursue his appeal. *See id.* (citing *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) and *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995)). Appellant was advised that, pursuant to Rule 8001(a) of the Bankruptcy Rules of Procedure, the court could take appropriate action—including the dismissal of the appeal.

Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, including dismissal of the appeal." As explained by the Fourth Circuit Court of Appeals, in applying Rule 8001(a), to determine a sanction for failure to timely file, the district court is to take at least one of the four following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d at 72 (quoting *Serra*, 970 F.2d at 1311). While "read literally, *Serra* mandates at least one of four steps,"

all four steps should be considered. *In re SPR Corp*. 45 F.3d at 74. The court explained these steps in its Order instructing Appellant to file his Appellant's Brief. ECF No. 13 at 2-3.

On August 12, 2013, the court received a letter from Appellant in which he requested additional time to submit a brief in support of his appeal. ECF No. 19. Appellant explained he had "been out of town with the military[,]" which caused his delay in submitting his appellate brief. *Id.* Appellant further indicated he intended to obtain counsel to provide a proper brief to the court and explained that the court could "anticipate a brief to arrive soon" and to learn who Appellant's counsel would be. *Id.* In an August 13, 2013 Order, the court granted Appellant's request for additional time, making the revised due-date for his brief September 12, 2013. ECF No. 20. Appellant did not submit a brief by that revised deadline, nor did counsel appear on his behalf. Accordingly, in a September 19, 2013 Order, the court again reminded Appellant of the importance of timely filing his brief and following the court's orders. ECF No. 24. In that Order, the court instructed Appellant that, no later than October 7, 2013, he was to advise whether he wished to continue with his appeal, explain the reason for his delay, and file his Appellant's Brief. *Id.*

On October 7, 2013, Appellant filed with the court a letter explaining that he planned to go forward with his appeal and would be filing a brief. ECF No. 27. He explained, though, that he had not yet filed a brief because he had "still [been] unable to obtain proper representation." *Id.* He explained he had encountered "a number of road blocks in pursuing a proper attorney[,]" and that he had contacted numerous attorneys who could not take his case. *Id.*[2] Appellant requested the

---

[2]On October 28, 2013, Appellant submitted a Motion to Request Counsel, in which he requested that the court appoint an attorney for him because of his difficulties in "finding a competent attorney to handle a bankruptc[y] case[,]" noting he had contacted more than 30 attorneys but had been unable to obtain counsel. ECF No. 29. The court denied Appellant's request for appointed counsel on November 1, 2013. ECF No. 30.

court's patience as he pursued this matter. *Id.* The court construed the October 7, 2013 letter (ECF No. 27) as a Motion for Extension of Time. Cataloging the numerous extensions Appellant had already received, the court denied his request for more time and made it clear that it would not consider any further requests for extension of time in a November 1, 2013 Order. *See* ECF No. 30 at 3-4.

In the November 1, 2013 Order, the court advised Appellant that he was required to file his Appellant's Brief no later than November 18, 2013. *Id.* at 4. In that Order, the court noted Appellant had not complied with prior deadlines based on his lack of counsel and, pursuant to *Serra*, 970 F.2d at 1311, the court provided Appellant with the last extension to file his Appellant's Brief by November 18, 2013, many months after the court's original June 2013 deadline. ECF No. 30 at 4. However, the court advised Appellant that it would not find Appellant's lack of counsel an acceptable reason to delay further the filing of his appellate brief. *Id.* The court advised Appellant that, if he submitted his Appellant's Brief by November 18, 2013, the court would consider the *Serra* factors, keeping in mind that dismissal would be a "harsh sanction" that would not be imposed lightly. *Id.* (citing *Serra*, 970 F.2d at 1311). Further, the undersigned unequivocally advised Appellant that if he failed to file his Appellant's Brief by November 18, 2013, she would recommend that Appellant's appeal be dismissed. ECF No. 30 at 5 (citing Fed. R. Bankr. P. 8001(a); *In re SPR Corp.*, 45 F.3d at 74).

Appellant did not file his brief by November 18, 2013. Appellant was afforded more than sufficient time to file a brief in support of his appeal and was advised numerous times that dismissal of his appeal could result if he failed to file a brief. Accordingly, the undersigned finds Appellant has been negligent in pursuing his appeal. *See Serra*, 970 F.2d at 1311. The court provided

4

Appellant opportunity to explain his delay in filing his appellate brief. *See* ECF No. 30 at 5. Because Appellant has not briefed his position in this appeal, the prejudice to other parties is manifest. Without Appellant's filing a brief, the undersigned is aware of no appropriate sanction short of dismissal. *See id.* Based on the foregoing, the undersigned recommends Appellant's appeal be dismissed for failure to prosecute. *See* Fed. R. Bankr. P. 8001(a); *Serra*, 970 F.2d at 1311.

    IT IS SO RECOMMENDED.

November 21, 2013                                              Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**Appellant's attention is directed to the important**
**Notice of Right to File Objections to Report and Recommendation.**